Ward *v.* Kenton *et al.*

APRIL 8, 1801.

# Wm. Ward *v.* Simon Kenton *et al.*

*Upon an appeal from a decree of the Washington District Court.*

1. Where A and B made adjoining entries, and A for a valuable consideration directs the manner in which the entries are surveyed, he and his vendees are estopped afterward to claim any part of the land in B's survey on the ground that the survey was not conformable to the entries.

2. But in such case, if A has not got the quantity of land to which he was entitled by his entry, and B's survey contains more land than is called for in

his entry, the chancellor should direct the survey to be so modified as to give to A the surplus land in B's survey.

This court does not conceive it necessary to ascertain whether the appellant's survey was or was not made conformably to his entry. It is clearly proven that Kenton, one of the defendants in the court below, for a valuable consideration, did undertake and actually directed the manner in which the survey has been made. Certainly then he was bound to direct it properly; and if he did not, was answerable for the consequences. It would therefore be highly absurd that he should have it in his power, by an entry of his own, to take advantage of an error, if there be one, committed by himself; or in other words, to take advantage of his own wrong. And it would be equally absurd to suppose he could transfer a right to others, of which he had in this way divested himself. It has never been doubted but that a conditional or dividing line agreed on by two claimants of land, would equally bind the assignee of either of them; and that case appears very similar to the one in question. From these considerations, and from the general principles of equity which are applicable to every controversy for land, wherein the conflicting claims have distinct origins, and wherein the being a purchaser for a valuable consideration, without notice, can never be plead with success, it seems to this court that all the equity which bound Kenton's entry whilst it remained his, did follow it into the hands of those to whom he sold it; and therefore, so far as Kenton's entry and the survey made thereon by the appellees is affected by the appellant's survey having been made contrary to entry, the appellees must sustain the loss, especially as the claim of the appellant is, in other respects, of superior dignity. Wherefore, it is decreed and ordered that the decree of the district court herein given, dismissing the bill of complainant, be reversed. But as it appears from the surveyor's report that the appellant's said survey, which purports to be 2,000 acres, contains a much larger quantity; and as this surplus must have proceeded from an error in the surveyor, over whom in this respect Kenton had no control, and for which he was not answerable (it having not been proven that the error was made by his procurement, or that he was privy to it), it seems to this court that the appellant ought not to hold that part of the surplus which is contained within the lines of the appellees' survey, and which will be excluded from the appellant's survey, by running his

north and part of his west boundary line in the following manner, viz: Beginning at the beginning corner of appellant's survey, a mulberry and two sugar trees on the south boundary line of William Beckley's settlement, and running thence west or westwardly with Beckley's said line, passing his south-west corner, and continuing the same course with the appellant's north boundary line 565¾ poles—thence at right angles from the last mentioned line to the south boundary line of the appellees' survey—thence west or westwardly with the said south boundary line until it intersects the west boundary line of the appellant's survey. Wherefore, it is further decreed and ordered that this cause be remanded to the said district court, and that the court direct the said surplus to be ascertained by some skillful and disinterested surveyor, and also the remainder of the interference between the appellant's and the appellees' said surveys, who shall be directed in performing the said services, to allow full and just measure and no more, and to make return of the quantities, and the metes and bounds of the said surplus, and of the residue of the interference. Whereupon the court shall enter up a decree in favor of the appellant Ward, for all the remaining interference, and cause him to release to the appellees' Wood and Fox's heirs all the interfering surplus, to be ascertained as aforesaid. And moreover, that the said court shall decree and order whatever else shall be found equitable and necessary to bring the cause to a final conclusion, conformable to this opinion and decree. And it is further decreed and ordered, that the appellees do pay unto the appellant the cost of this appeal; which is ordered to be certified to the said court.